TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CLAIRE E. KELLY (Cal. Bar No. 306086)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3868
     Facsimile: (213) 894-3713
     E-mail:    Claire.Kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-306-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ROGER REYNOLD HARRIS |
| v. | Hearing Date: April 26, 2021 |
| ROGER REYNOLD HARRIS, | Hearing Time: 11:00 a.m. |
| Defendant. | Location:     Courtroom of the Hon. Philip S. Gutierrez |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Claire E. Kelly, hereby files its sentencing position with respect to defendant ROGER REYNOLD HARRIS.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 20, 2021	Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
CLAIRE E. KELLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS AND PRESENTENCE INVESTIGATION REPORT**

While the president of his labor union, defendant ROGER REYNOLD HARRIS ("defendant") executed a scheme to embezzle money from the union by submitting false reimbursement requests for union expenses. (Def. Plea Agreement, Dkt. 34, at 7-8.)  In an attempt to conceal his fraud, defendant falsely claimed that the missing funds were the result of a mistake by the Internal Revenue Service ("IRS").  (Id. at 8.)  Defendant supported this claim by emailing the union two documents: (1) a memorandum falsely claiming that the IRS had mistakenly garnished funds belonging to the union but those funds would be returns, and (2) a fraudulent IRS letter stating that the IRS would be returning the allegedly garnished funds.  (Id. at 8-9.)

Through his fraudulent scheme, defendant caused an actual loss amount of approximately $36,150.78.  (Id. at 8.)  Defendant later repaid the union $15,900, and therefore currently owes approximately $20,250.78 in restitution.  (Id.; Presentence Investigation Report ¶ 17.)

As a result of defendant's conduct, he pleaded guilty to violating 18 U.S.C. § 1343 (Wire Fraud) pursuant to a plea agreement on August 17, 2020.  (Dkt. 34, 37.)  In the plea agreement, the parties agreed that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate sentence would be six months' home detention, three years' supervised release, restitution in the amount of $20,250.78, no fine, and a $100 special assessment.  (Def. Plea Agreement at 10.)

On October 5, 2020, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and its Sentencing Recommendation Letter ("USPO Rec."). The USPO calculated a base offense level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1), and a four-level increase based on a loss amount of more than $15,000. (PSR ¶¶ 23-25.) The USPO also applied a two-level enhancement for abuse of a position of trust under U.S.S.G. § 3B1.3, based on defendant's use of his position as president of the union to execute the fraudulent scheme and evade detection. (Id. ¶¶ 27-32.) Finally, the USPO applied a two-level reduction for acceptance of responsibility to arrive at a total offense level of 11. (Id. ¶¶ 36-37.)

The USPO determined that defendant has a criminal history score of zero, resulting in Criminal History Category I. (Id. ¶¶ 40-43.) Accordingly, defendant's Guidelines range is 8 to 14 months' imprisonment. (Id. ¶ 88.) In its Sentencing Recommendation Letter, the USPO recommended a sentence of three months' custody, followed by a three-year term of supervised release that includes five months of home confinement. (USPO Rec. at 2.) The USPO also recommended restitution in the amount of $20,250.78, no fine, and the mandatory special assessment of $100. (Id. at 1-2.)

**II.   ARGUMENT**

The government concurs with the USPO's calculation of the applicable Guidelines and restitution, but not its recommended sentence. In light of the sentencing factors enumerated in 18 U.S.C. § 3553(a), and in accordance with the plea agreement, the government recommends six months' home detention, three years' supervised

release, restitution in the amount of $20,250.78, no fine, and a $100 special assessment. This sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter defendant and others.

The recommended sentence is appropriate in light of the nature and circumstances of the offense and constitutes a reasonable punishment for the offense. Defendant took advantage of his position as union president to enrich himself by submitting false reimbursement claims for union expenses. (PSR ¶ 12.) He then attempted to conceal his conduct by submitting false documentation indicating that the money had been mistakenly garnished by the IRS. (Id. ¶ 15.)

Notably, however, defendant, who was approximately 49 years old at the time of the offense, has no prior criminal history. (Id. ¶¶ 41-43, 49.) His criminal conduct in this case appears to be a one-time deviation from his history of law-abiding behavior. While his criminal conduct is serious, the government's recommended sentence of six months' home confinement is sufficient in light of defendant's history. Moreover, the primary harm from defendant's conduct was the financial harm to the union. As part of his plea agreement, defendant is required to pay full restitution at or before the time of sentencing, thereby remedying that harm. (Def. Plea Agreement at 3.) Home confinement, supervision, and payment of $20,250.78 in restitution sufficiently reflects the seriousness of the offense and will deter defendant from future criminal conduct.

In light of the circumstances of this case and defendant's history and characteristics, this sentence is sufficient, but not

greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

### III. CONCLUSION

Based on the foregoing, and in accordance with the plea agreement, the government respectfully requests that this Court sentence defendant to six months' home detention, three years of supervised release, restitution in the amount of $20,250.78, and payment of the $100 special assessment.